UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BAYOU BLUE ASSEMBLY OF GOD, INC. | CIVIL ACTION |
| VERSUS | NO: 23-6378 |
| CHURCH MUTUAL INSURANCE COMPANY, S.I. | SECTION: "J"(4) |

### ORDER AND REASONS

Before the Court are a *Motion for Partial Summary Judgment Regarding Extra-Contractual Claims* **(Rec. Doc. 17)**, filed by Defendant Church Mutual Insurance Company, S.I., and an opposition filed by Plaintiff Bayou Blue Assembly of God, Inc. (Rec. Doc. 22), to which Defendant replies (Rec. Doc. 26). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

### FACTS AND PROCEDURAL BACKGROUND

This case arises out of damage to Plaintiff's property from Hurricane Ida. Insured by Defendant, the property included Plaintiff's church and thrift store. Within a month of the storm, Defendant documented $476,670.98 in damage and, after applying policy deductibles, tendered timely payment. Disagreements between the parties, however, had already developed, with Plaintiff contending that the damage assessment was inadequate and Defendant countering that Plaintiff's mitigation efforts had morphed into widespread property demolition. In early

1

November, Plaintiff submitted demands for $1.4 million related to tarping and mitigation. Thereafter, Defendant revised its damage estimate to over $1 million and again tendered payment for that amount after deductible application. At the same time, Plaintiff made an additional demand of $2.19 million, which included estimates for property damage and mitigation efforts; Plaintiff, however, subsequently characterized this demand as "a preliminary estimate" and abandoned it as a sufficient proof of loss. (Rec. Doc. 17-7 at 276 ll.21–23 (deposition of Plaintiff representative)). Further complicating the accounting of Plaintiff's demand, Big West Buildings Services originally invoiced Plaintiff $1,720,431.30 for mitigation work but later accepted $982,000 as full payment, having reduced the amount due to a "gentleman's agreement." *Id.* at 143 ll.5–10, 144 l.25–145 l.1.

A month later, Defendant again revised its damage estimate to over $1.6 million and tendered payment. Five months later, Plaintiff submitted to Defendant "a comprehensive evaluation of loss and replacement." *Id.* at 287 ll.13–14. Totaling $4,993,121.62, the estimate valued church damages at $4,456,688.12 and thrift store damages at $476,433.50. Three months after the comprehensive estimate, however, Plaintiff sent Defendant a "build back" proposal for the church totaling $1,827,915. (Rec. Doc. 17-28). The August 2022 build back proposal was based on an estimate that predated the comprehensive evaluation by a month. In a series of letters that followed, Defendant requested more detailed costs in order to segregate out duplicate and uncovered demands: "We can[]not accept the proposal as satisfactory proof of loss as it is not itemized and appears to include the same disputed scope of repairs

2

necessary as a result of the mitigation contractors unagreed and unsupported scope of demolition." (Rec. Doc. 17-29 at 2 (Sept. 6, 2022 email to Plaintiff counsel)). With no additional payment tendered by Defendant,[1] Plaintiff filed this action, raising claims of breach of insurance contract and for bad faith penalties.

Defendant now moves to dismiss the bad faith claim. Plaintiff opposes.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

---

[1] In January 2025, fifteen months after the commencement of this litigation and after an inspection of the work, Defendant again adjusted its damage estimate, finding a total replacement cost of $1,697,418.98 and, after application of depreciation and deductible, issuing a total payment to Plaintiff of $1,583,431.61. (Rec. Doc. 17-4).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

Defendant argues that it cannot be found to have arbitrarily declined to pay all of Plaintiff's damage demands because there are legitimate questions regarding the scope and causation of the loss. Louisiana's insurance "bad faith" laws, codified in Louisiana Revised Statutes §§ 22:1892 and 22:1973, authorize recovery of bad faith penalties from insurers who fail to pay legitimate claims in a manner that is arbitrary, capricious, or without probable cause. *Spears v. State Farm Ins. Co.*, No. 08-3183, 2009 WL 1674186, at *2 (E.D. La. June 12, 2009). "A party seeking relief under either statute has the burden of establishing three things: (1) the insurer received a satisfactory proof of loss; (2) the insurer failed to pay the claim within the applicable statutory period (thirty or sixty days); and (3) the insurer's failure to pay the claim was arbitrary and capricious." *XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, 954 F. Supp. 2d 440, 444 (E.D. La. 2013) (citing *Dickerson v. Lexington Insurance Co.*, 556 F.3d 290, 297 (5th Cir. 2009)).

A refusal to pay is arbitrary, capricious, or without probable cause where the refusal was vexatious, unjustified, or without reasonable or probable cause or excuse. *Dickerson*, 556 F.3d at 300; *Louisiana Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1114 (La. 2008) (quoting *Reed v. State Farm Auto. Ins. Co.*, 857 So.2d 1012, 1021 (La. 2003)). Thus, bad faith should not be inferred when "there is a reasonable and legitimate question as to the extent and causation of a claim." *Reed*, 857 So. 2d at 1021. The statutory penalties should only be imposed when the facts "negate probable cause for nonpayment," and penalties are not imposed "when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense." *Louisiana Bag Co.*, 999 So. 2d at 1114 (quoting *Guillory v. Travelers Ins. Co.*, 294 So. 2d 215, 217 (La. 1974) and *Reed*, 857 So. 2d at 1021); *see also Spears*, 2009 WL 1674186, at *2 (granting summary judgment on bad faith claim).

In this case, Plaintiff bears the burden of proving its claim for bad faith damages, including proving that Defendant's refusal to tender further payments was arbitrary and capricious. Accordingly, on summary judgment, Defendant may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to the arbitrary-and-capricious element. Defendant argues that, because of the legitimate questions as to whether the alleged damage to Plaintiff's property was caused by Hurricane Ida or by unnecessary or deficient work of Plaintiff's contractor Big West, summary judgment on the bad faith claim is appropriate.

Plaintiff does not deny that Big West's mitigation work amounted to widespread demolition of the church building. Instead, Plaintiff directs attention to

5

a "Water Restoration and Mold Remediation Protocol" issued by Defendant's consultant three weeks after Hurricane Ida: "By Defendant's Logic, Plaintiff should have waited 24 days after Hurricane Ida before it began mitigating it's [sic] severely water[-]damaged buildings according only to JS Held's protocols." (Rec. Doc. 22 at 6). Plaintiff's argument, however, misses the mark. The issue presented is not whether any mitigation should have occurred but whether such drastic demolition work presents a reasonable and legitimate basis for Defendant to question the mitigation and resulting rebuild. Plaintiff's use of the "Water Restoration and Mold Remediation Protocol" drives home the point: only certain perimeter walls were marked for total removal. (Rec. Doc. 22-10). Plaintiff's mitigation efforts and associated rebuilding in areas less affected by Hurricane Ida damage may ultimately present a covered claim, but Defendant's refusal of payment cannot be described as vexatious, unjustified, or without reasonable or probable cause or excuse. *See Dickerson*, 556 F.3d at 300.

This conclusion is further supported by Plaintiff's shifting damage amounts. In November 2021, Plaintiff demanded $2.19 million for property damage and mitigation efforts, but later abandoned the demand, describing it as only "a preliminary estimate". (Rec. Doc. 17-7 at 276 ll.21–23). Relatedly, Big West initially charged Plaintiff $1,720,431.30 for mitigation work but later accepted $982,000 as full payment, having reduced the amount due to a "gentleman's agreement." *Id.* at 143 ll.5–10, 144 l.25–145 l.1. Plaintiff makes no effort to explain this discrepancy. Finally, Plaintiff offered "a comprehensive evaluation of loss and replacement[,]" totaling nearly $5 million. Three months later, however, Plaintiff demanded over $1.8

6

million to build back the church, based on a proposal that predated—but was not included in—its comprehensive evaluation. Defendant repeatedly communicated its concern and confusion over the proposal, arising from Big West's demolition work.

In sum, Defendant reasonably questioned the scope and causation of the claimed damage. Put another way, as it is Plaintiff's burden to prove Defendant's bad faith, Defendant has pointed to an insufficiency with respect to an essential element of Plaintiff's claim, namely, that Defendant's failure to pay the claim was arbitrary and capricious.

Accordingly, the summary-judgment burden shifts to Plaintiff, who must set out specific facts showing that a genuine issue exists that Defendant had no reasonable basis for claim denial. Simply, Plaintiff fails to do so. Plaintiff attempts to justify certain repairs as necessary (HVAC) or as within the amount of replacement cost value (roof). Plaintiff may have additional claims deserving coverage, but such is not the issue before the Court. There are genuine issues over the coverage and causation of the property damage. Thus, Defendant's withholding of further claim payment is reasonable, not vexatious. In turn, the bad faith claim is ripe for summary-judgment resolution.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Church Mutual Insurance Company, S.I.'s *Motion for Partial Summary Judgment Regarding Extra-Contractual*

*Claims* **(Rec. Doc. 17)** is **GRANTED**.

New Orleans, Louisiana, this 23rd day of July, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE