UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BAYOU BLUE ASSEMBLY OF GOD, INC. | CIVIL ACTION |
| VERSUS | NO. 23-6378 |
| CHURCH MUTUAL INSURANCE COMPANY, S.I. | SECTION: "J"(4) |

## ORDER AND REASONS

Before the Court are a *Motion for Summary Judgment Regarding Contractual Claims* **(Rec. Doc. 29)** filed by Defendant Church Mutual Insurance Company, S.I. ("CMIC"), and an opposition filed by Plaintiff Bayou Blue Assembly of God, Inc. (Rec. Doc. 36), to which Defendant replies (Rec. Doc. 41). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This case arises out of damage to Plaintiff's property from Hurricane Ida. Insured by Defendant, the property included Plaintiff's church and thrift store. Shortly after the storm, Defendant inspected the property and tendered a payment for covered losses. Disagreements between the parties, however, had already developed, with Plaintiff contending that the damage assessment was inadequate and Defendant countering that Plaintiff's mitigation efforts had morphed into widespread property demolition. After a series of Plaintiff demands and Defendant

1

reinspections, Defendant assessed the value of the damage to be over $1.6 million and tendered payment. Plaintiff, however, continued to assert much higher values, submitting to Defendant "a comprehensive evaluation of loss and replacement" of $4,993,121.62 in May 2022. (Rec. Doc. 17-7 at 287 ll.13–14). Three months later, Plaintiff sent Defendant a "build back" proposal for the church totaling $1,827,915. (Rec. Doc. 17-28). With no additional payment tendered by Defendant,[1] Plaintiff filed this action, raising claims of breach of insurance contract and for bad-faith penalties. After the Court dismissed the bad-faith claim, Defendant now moves to dismiss breach of contract claim. Plaintiff opposes.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or

---

[1] In January 2025, fifteen months after the commencement of this litigation and after an inspection of the reconstruction work, Defendant again adjusted its damage estimate, finding a total replacement cost of $1,697,418.98 and, after application of depreciation and deductible, issuing a total payment to Plaintiff of $1,583,431.61. (Rec. Doc. 17-4).

unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

Defendant makes three arguments for the dismissal of Plaintiff's breach of insurance contract claim: (1) Plaintiff failed to provide timely proof of loss; (2) Plaintiff has no reliable proof of damage causation; and (3) the policy's mold exclusion precludes certain damage recovery. Finding genuine issues of material fact as to each, the Court declines Defendant's invitation to dismiss the breach of insurance contract in whole or in part.

### I. Satisfactory Proof of Loss

Defendant insists Plaintiff failed to cooperate in the investigation and did not submit satisfactory proof of loss within the time limits of the policy. As the insured, Plaintiff bears the burden to prove its breach of contract. *See Doerr v. Mobil Oil Corp.*,

3

2000-0947 (La. 12/19/00), 774 So. 2d 119, 124. An insurance policy, like any other Louisiana contract, is subject to the general canons of construction set forth in the civil code. *Succession of Fannaly v. Lafayette Ins. Co.*, 805 So.2d 1134, 1137 (La. 2002). "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2046. Cooperation clauses, specifically, "fulfill the reasonable purpose of enabling the insurer to obtain relevant information concerning the loss while the information is fresh." *Hamilton v. State Farm Fire & Cas. Ins. Co.*, 477 F. App'x 162, 165 (5th Cir. 2012) (quoting *Holden v. Connex–Metalna Mgmt. Consulting*, No. 98-3326, 2000 WL 1741839, at *2 (E.D. La. Nov. 22, 2000)).

      Here, Defendant argues Plaintiff breached its cooperation term in the contract. In pertinent part, the policy lists as an insured's duty after a damage event: "You must . . . (8) Cooperate with us in the investigation or settlement of the claim." (Rec. Doc. 4-1 at 64). The policy does not further define the term "cooperate." According to Defendant, cooperation would include Defendant's involvement in contractor decisions, access to itemized invoices, and inspection of receipts supporting construction costs. As to the receipts, Defendant complains in the instant motion and elsewhere that contractors have not supplied "actual and incurred project costs—the material receipts and labor payments—in response to CMIC's subpoena." (Rec. Doc. 29-1 at 15). Yet, Defendant marshals no caselaw to support its concept of cooperation. Neither does the record reflect any motion to compel for documents it now considers claim-dispositive. Moreover, Defendant points to no occasion when Plaintiff barred or

4

limited its access to the property. Instead, defense adjusters and consultants inspected the property a combined thirteen times in September and October 2021. At a minimum, there is a genuine issue of material fact regarding Plaintiff's cooperation in the claim.

The conclusion is the same for Defendant's accusation of lacking sufficient proof of loss until May 2022. The policy requires the insured to give "prompt notice of the loss or damage." (Rec. Doc. 4-1 at 63). When the loss event is a declared state of emergency, the notice requirement is more specific: "[Y]ou must submit the proof of loss to us within 180 days[.]" *Id.* at 115. As Defendant describes the facts, "Plaintiff did not submit its proof submission to CMIC until May 31, 2022, two-hundred-and-seventy-five (275) days after the loss." (Rec. Doc. 29-1 at 9). The date refers to Plaintiff's submission of "a comprehensive evaluation of loss and replacement" of the church and thrift store, totaling $4,993,121.62. (Rec. Doc. 17-7 at 287 ll.13–14 (deposition of Plaintiff representative)).

Defendant overstates its position. In Louisiana, a satisfactory proof of loss is "only that which is sufficient to fully apprise the insurer of the insured's claims." *Louisiana Bag Co., Inc. v. Audubon Indem. Co.*, 2008-453, p. 23 (La.12/2/08); 999 So. 2d 1104, 1119 (quotation omitted). Thus, it is a "flexible requirement to advise an insurer of the facts of the claim." *Id.* (quotation omitted). As satisfactory proof of loss, Louisiana courts have accepted property inspection by an adjuster, a handwritten estimate of repair costs, and photographs with salvage information. *Lamar Advert. Co. v. Zurich Am. Ins. Co.*, No. 18-1060, 2021 WL 1113451, at *5 (M.D. La. Mar. 22,

2021) (collecting cases).

As previously noted, Defendant was promptly notified of the damage event and sent adjusters and consultants for repeated property inspections. Parties disagreed on the extent and causation of loss, but Defendant was aware of the scope of Plaintiff's claim within the contractual 180-day period. With satisfactory proof of loss, Defendant is not entitled to summary judgment on the breach of insurance contract claim.

## II. Proof of Damage Causation

Defendant also avers Plaintiff lacks reliable causation opinions, insisting aspects of the damage claimed were products of unnecessary interior demolition, failure to mitigate, and unsubstantiated decisions to replace equipment rather than repair it. Undoubtedly, causation is at issue. However, in an accompanying order addressing four defense motions in limine, this Court concluded the testimony of Plaintiff's experts is admissible, with its weight best assessed by the factfinder. Thus, on the issue of causation, genuine issues of material fact exist, making summary judgment inappropriate.

## III. Mold Exclusion

Finally, Defendant contends that aspects of Plaintiff's claim are not covered because of the policy's mold exclusion. The policy states simply: "Damage caused solely by mold is not covered under this policy." (Rec. Doc. 4-1 at 118). This is the only mention of mold in the 278-page document. As with other damages, causation related to mold is debated by the parties. Defendant argues that any damage to the HVAC

system and interior doors is attributable solely to mold, which Plaintiff failed to reasonably mitigate. Plaintiff counters that the damage observed was possible only from underlying water infiltration and that steps to mitigate HVAC damage—by climatizing the interior with rental units, running its own system without immediate electricity in the area and during significant demolition work, or drying and disconnecting each part of the system—were impracticable. Plainly, genuine issues of material fact remain as to the presence and significance of mold in the property. Summary judgment on the issue, therefore, is inappropriate.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Church Mutual Insurance Company, S.I.'s *Motion for Summary Judgment Regarding Contractual Claims* **(Rec. Doc. 29)** is **DENIED**.

**IT IS FURTHER ORDERED** that parties immediately contact Magistrate Judge Roby to inquire about her availability for a Settlement Conference.

New Orleans, Louisiana, this 6th day of August, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE